Peter A. Quinn, J.
This is a motion by defendant for an order (1) vacating the order of attachment secured herein by plaintiff, (2) directing that plaintiff pay any fees or poundage due the Sheriffs within the State of New York by reason of said attachment.
The attachment was sought and obtained for the purpose of securing plaintiff’s claim for approximately $45,000 against the defendant, a Canadian corporation engaged in work for the Port of New York Authority in construction of the World Trade Center. The defendant is licensed to do business in New York and had posted a payment and performance bond with the Port Authority in the amount of $8,426,424 which fully secures plaintiff’s claims. The defendant was served with process in the action at its office in New York City and has appeared and answered. In its answer the defendant has asserted a counterclaim for a sum roughly amounting to three fourths of the plaintiff’s demand. There is therefore no need for the attachment to obtain jurisdiction or for security and' it is vacated.
The question remaining and sharply contested is whether the Sheriff’s fees and poundage shall be paid by the plaintiff or *969 the defendant. The general rule appears to be that when an order of attachment is vacated the plaintiff must pay the fees due the Sheriff. The plaintiff in opposition cites a commentary by Professor McLaughlin on CPLR 6223 in McKinney’s- Consolidated Laws.of New York which says in part: “ Under the new act where the attachment is vacated because it is unnecessary for security, an argument may be made that the plaintiff ought not to be liable for poundage. In the absence of a statute, it is submitted that the best solution is to leave the matter in the discretion of the court. Where it is demonstrated that the plaintiff was entitled to the order of attachment, it would not seem to be an abuse of discretion to condition the vacation of the attachment at defendant’s request on the defendant’s paying the poundage.”
However, the court is disinclined to exercise its discretion in favor of plaintiff here, since the defendant was engaged in work on a highly publicized public works project under the aegis of the Port Authority and an inquiry to the Authority would have undoubtedly revealed the existence of security in the form of the bond posted with it. Such an inquiry and the response to it would have obviated the need for an attachment.
The motion insofar as it seeks an order to direct the plaintiff to pay the Sheriff’s fees and poundage is also granted.